[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15789
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20490-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IFANISE PETIT-FRERE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 5, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ifanise Petit-Frere appeals her sentence of 41 months of imprisonment following her guilty plea to reentry of a deported alien, 8 U.S.C. § 1326(a), (b)(2). Petit-Frere argues that her sentence at the low end of the advisory guideline range is substantively unreasonable.  We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).

Petit-Frere's sentence is reasonable.  Although Petit-Frere argues that the district court failed to give adequate consideration to her history and characteristics and the nature and circumstances of her offense, the district court stated that it was imposing a sentence at the lowest end of the advisory guideline range because of her personal hardships.  Petit-Frere also argues that the district court placed undue weight upon the advisory guideline range and her criminal history, but the record establishes that the district court considered both these and other required factors in its sentencing determination.  18 U.S.C. § 3553(a).  And the weight given to any sentencing factor is committed to the sound discretion of the district court.  The district court committed no abuse of its discretion.

**AFFIRMED.**